THE GEORGE HILL.

(Circuit Court of Appeals, Second Circuit. April 28, 1914.)

No. 231.

SEAMEN (§ 29*)—INJURY TO DECK HAND—LIABILITY OF VESSEL.

Evidence considered, in an action by a deck hand on a tug to recover for an injury to his hand by being caught between the bridle of a hawser he had passed to a tow and one of the bitts of the tug, and *held* insufficient to show any defect in the condition or construction of the bitt which rendered the tug liable, but rather to show that the injury was due solely to libelant's carelessness.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 186, 188–194; Dec. Dig. § 29.*]

Appeal from the District Court of the United States for the Eastern District of New York.

This cause comes here upon appeal from a decree dismissing a libel to recover for personal injuries sustained by a deck hand of the tug George Hill. His hand was caught between the bridle of a hawser he had passed to a barge and one of the bitts of the tug. As the strain came the bitt lifted a little and bent over out of perpendicular.

B. B. Coyne, of New York City, for appellant.

W. A. Jones, Jr., of New York City, for appellee.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

214 F.—6

PER CURIAM. We think the libelant was very careless when try-- ing to lift the bridle so as to avoid its fouling the bitt, in taking hold of it *between* the line of force and the bitt, instead of at the hawser beyond the bitt. Moreover, we should suppose it was the plain duty of a deck hand who was ordered to pass the bridle of a hawser to a tow— the hawser being fast at its end to one bitt—not only to hand the eyes of the bridle to the tow, but also to watch the line to see that it did not foul anything as it payed out from his tug. This measure of attention to his particular job we are satisfied the libelant did not give. His attention was diverted, and he did not discover that the bridle was about to foul till the captain called his attention to it. That, however, is only half the case; his contributory negligence in admiralty would only divide the damages.

We find no negligence in the maneuvers of tug and tow. The real question in the case is whether or not the bitt was properly fastened in place to meet the strains it might be expected to encounter. It seems well established that bitts should be secured to a deck beam by two bolts driven diagonally down through the bitt into the beam. There are six bitts on this tug; five of them (which so far as the testimony shows have never been overhauled since construction) were thus fastened. Why the builder should have failed similarly to fasten this one is difficult to understand. There is a conflict of testimony as to whether or not these lower bolts were in before the accident. The District Judge saw all the witnesses, and apparently did not find the testimony of libelant's witnesses persuasive. We are not inclined to reverse him, especially as the particular bitt had been in service certainly for five or six years, during claimant's ownership of the tug, and, so far as the testimony shows, since 1889, when the tug was built, and had apparently withstood all ordinary strains.

Decree affirmed.